875 So.2d 443 (2004)
DELTA PROPERTY MANAGEMENT, INC., Petitioner,
v.
PROFILE INVESTMENTS, INC., Respondent.
No. SC02-2721.
Supreme Court of Florida.
May 13, 2004.
John R. Beranek of Ausley & McMullen, Tallahassee, FL; and John R. Hargrove and W. Kent Brown of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, FL, for Petitioner.
William S. Graessle of William S. Graessle & Associates, Jacksonville, FL, for Respondent.
QUINCE, J.
We have for review a decision of the First District Court of Appeal which affects a class of state or constitutional officers. Delta Prop. Mgmt. v. Profile Invs., Inc., 830 So.2d 867 (Fla. 1st DCA 2002). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons stated below, we quash the First District's decision and hold that the clerk of the circuit court, when mailing the notice of a tax deed sale to the titleholder of the affected property, must mail the notice to the address of the titleholder as listed in the latest tax assessment roll. If the tax assessment roll is updated after the clerk receives a statement from the tax collector but prior to mailing the notice to the titleholder, the clerk must look at the new *444 assessment roll to see if the titleholder's address has changed and, if the clerk finds that the address has changed, the clerk must mail the notice to the new address listed in the latest assessment roll.

FACTUAL AND PROCEDURAL HISTORY
When Delta Property Management, Inc. (Delta) failed to pay its 1997 ad valorem taxes, a tax certificate was issued[1] by the City of Jacksonville/Duval County Tax Authority and purchased by Profile Investments, Inc. in April 1998.[2] In April 2000, after Delta failed to redeem the tax certificate within two years, Profile applied for a tax deed pursuant to section 197.502(1), Florida Statutes (1999). Section 197.502(1), provides in pertinent part:
The holder of any tax certificate, other than the county, at any time after 2 years have elapsed since April 1 of the year of issuance of the tax certificate and before the expiration of 7 years from the date of issuance, may file the certificate and an application for a tax deed with the tax collector of the county where the lands described in the certificate are located. The application may be made on the entire parcel of property or any part thereof which is capable of being readily separated from the whole.
Thereafter, the tax collector, pursuant to section 197.502(4), Florida Statutes (1999),[3] prepared a statement which listed Delta as a party entitled to notice and specified Delta's address as it appeared on the 1999 tax assessment roll, the most recent assessment roll at the time of the issuance of the statement. The tax collector forwarded the statement to the clerk of the circuit court on May 30, 2000. The clerk then waited over three months before preparing a notice of tax sale, which was mailed to Delta on September 7, 2000, at the address indicated in the tax collector's statement. Because Delta was no longer located at the address specified in the statement,[4] the notice was returned to the clerk as undeliverable. Profile thereafter placed the winning bid at the tax deed sale.
*445 Profile brought an action to quiet title to the property in its favor, and Delta counterclaimed, asserting that it was still the titleholder because the clerk had failed to provide proper notice of the sale. Profile and Delta each moved for summary judgment with the dispositive legal issue being whether the clerk had complied with the statutory notice requirements of section 197.522(1), Florida Statutes (1999), when he relied exclusively upon the tax collector's statement in preparing the notice of the tax sale. The trial court granted summary judgment in favor of Profile, concluding that the clerk was not required to look beyond the statement to determine whether the names and addresses of the parties were correctly listed on the tax collector's statement. The First District Court of Appeal agreed and affirmed the summary judgment.
We exercise our discretionary jurisdiction to review this case because it affects the duties of a class of state or constitutional officers, the clerks of court.

ANALYSIS
The issue in this case is whether, under chapter 197 of the Florida Statutes, the clerk of the circuit court must verify the legal titleholder's address prior to mailing the notice of the tax deed sale to that titleholder if the tax assessment roll has been or should have been updated after the tax collector provided the clerk with the tax collector's statement. We hold that the clerk is so required.
Section 197.502(4) provides that, when the holder of a tax certificate applies for a tax deed, the tax collector must deliver to the clerk of the circuit court a statement that includes a list of parties to be notified prior to the sale of the property. Among those parties required to be listed is the legal titleholder. If, as in the instant case, the legal titleholder as revealed by the public record is the same party to whom the property was last assessed, then the notice can only be mailed to the address of the legal titleholder as it appears on the latest assessment roll. The clerk must, after receipt of the statement, notify by mail the parties listed in the statement at least twenty days before the tax sale. See § 197.522(1), Fla. Stat. (1999).
In this case, the clerk, some three months after receipt of the statement from the tax collector, mailed the notice of the tax sale to Delta at the address listed in the statement. However, because Delta's address had changed, it did not receive the notice. As a result, Delta argued that its new address was listed on the 2000 tax assessment roll and that the 2000 assessment roll had been prepared by the time the clerk mailed the notice of the tax sale. Delta further argued that the clerk was required to check the 2000 tax assessment roll for any change of address before issuing the tax sale notices.
Both the trial court and the district court of appeal disagreed with Delta's contentions. In affirming the trial court's entry of summary judgment in favor of Profile, the First District found that the clerk had no duty to look beyond the tax collector's statement in preparing the notice of tax sale. Delta, 830 So.2d at 869.[5] In arriving at this conclusion, the First District looked at the evolution of the clerk's role. As explained by the First District, prior to the 1985 statutory amendments the clerk was required to perform a diligent *446 search of the official public records, including the most recent tax roll, in order to provide notice to the parties. Id.[6] In 1985, however, the Legislature changed these statutory procedures, deleting the requirement in section 197.256 (renumbered as 197.522) that the clerk search through public records. Id.[7] Therefore, the First District concluded:
Accordingly, with the 1985 statutory amendments, the clerk has been relegated to performing a purely ministerial function when providing notice of an upcoming tax sale. The clerk is no longer required to ascertain which parties are entitled to notice and diligently search the public records for proper addresses, but can instead rely exclusively upon the information contained in the tax collector's statement. Because this is precisely what the clerk did in the present case, he fully satisfied his responsibilities.
Id. at 869-70.
Delta urges this Court to quash the decision of the First District and embrace the reasoning of Judge Ervin's dissent. Judge Ervin opined that sections 197.502(4) and 197.522(1)(a), construed in pari materia, require that the clerk mail the notice of the tax sale to the address of the legal titleholder as listed in the latest tax assessment roll. Id. at 872 (Ervin, J., dissenting). Since the latest assessment roll in this case was the 2000 roll,[8] not the 1999 roll, Judge Ervin concluded that the clerk failed to provide Delta with the notice of the tax sale. Id. Lastly, Judge Ervin refuted the majority's position, stating:
The majority appears to say that an onerous burden would be placed on the clerk if he were required to do otherwise; that he would then be forced to conduct a laborious search of the public records in order to ascertain the correct names and addresses of the persons listed in section 197.502(4) before sending the notice. I do not understand sections 197.502(4)(a) and 197.522(1)(a) to impose any such burden on the clerk. To me, a reasonable interpretation of them is that the clerk is simply directed to request the tax collector, once he is aware that the information contained in a statement may no longer be current because it was based on a tax roll since superseded, to supply him with a supplemental statement reflecting any updated material.
Id. at 873. We find Judge Ervin's dissent persuasive.
Sections 197.533(1)(a) and 197.502(4) should be read together to get a complete picture of the clerk's duties and obligations when sending notices of tax deed sales. When construing these statutes, we seek to give effect to the Legislature's *447 intent. See State v. J.M., 824 So.2d 105, 109 (Fla.2002). In order to discern this intent, we first look at the actual language of the statutes. See Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). Section 197.522(1)(a) unequivocally indicates that the clerk of the circuit court must notify by mail those persons listed in the tax collector's statement of any pending tax deed sale.[9] Additionally, section 197.502(4)(a) clearly states that, "if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll." (emphasis added.) When read together, these statutory provisions require the clerk to mail a notice of tax deed sale to the legal titleholder at the titleholder's address as it appears on the latest assessment roll. When the clerk in the instant case mailed the notice to Delta on September 7, 2000, the latest assessment roll was, presumptively, the 2000 roll, not the 1999 roll, because section 193.023(1) mandates that the roll be updated "no later than July 1 of each year." § 193.023(1), Fla. Stat. (1999) (emphasis added). The clerk should have obtained an updated assessment roll from the tax collector, if available, but he failed to do so. Thus the clerk erred by mailing the notice to Delta at the address listed in the tax collector's statement (i.e., the 1999 address) without determining if the 2000 tax assessment roll was available. If we were to hold otherwise, Delta would be denied its property without due process of law.
The importance of notice when a person may be deprived of an interest in real property cannot be overemphasized. The United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), stated:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance....
But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.
Id. at 314-15, 70 S.Ct. 652 (citations omitted). Years later, the Supreme Court further elaborated on this due process requirement when it said, "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
In Dawson v. Saada, 608 So.2d 806 (Fla. 1992), this Court acknowledged that these due process requirements are applicable to situations where Florida citizens face the loss of their property at a tax sale. We held that the requirement that all property *448 owners know of and pay delinquent and current taxes did not relieve the State of its obligation to give adequate notice of a pending tax sale. Id. at 810. No valid tax deed can be issued without complying with the statutory notice requirements. Id. This includes proper notice by the clerk pursuant to section 197.502(4) and section 197.522(1)(a). While the clerk should use the tax collector's statement when preparing the tax sale notices, circumstances may warrant some additional action by the clerk. As the Fourth District recently held:
[T]here could come a point in time when the tax collector's statement no longer represents those who are entitled to notice. That is precisely what happened here. The clerk waited approximately five months before noticing and setting the tax deed sale; during the time lapse, the name on the tax assessment roll changed.
Baron v. Rhett, 847 So.2d 1032, 1035 (Fla. 4th DCA 2003). In the instant case, the clerk waited more than three months before noticing and setting the tax deed sale. By that time, the titleholder's address had changed. The notice of the tax deed sale should have been mailed to the titleholder's new address if that address was "reasonably ascertainable" from the latest tax assessment roll. See Mennonite, 462 U.S. at 800, 103 S.Ct. 2706.

CONCLUSION
We find that the clerk's notice of a tax deed sale must be mailed, pursuant to section 197.502(4)(a), to the legal titleholder at the titleholder's address as it appears on the latest assessment roll at the time the notice of the tax deed sale is sent. Therefore, we quash the decision of the First District in this case and remand for further proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] When a taxpayer fails to pay assessed taxes, the tax collector's office is required to send an additional tax notice informing the taxpayer that if the taxes are not paid, a tax certificate will be sold for the taxes. The taxpayer is also informed that the property may be sold at a future date. See § 197.343(1), Fla. Stat. (1999).
[2] Section 197.432(1), Florida Statutes (1999), provides:

On the day and approximately at the time designated in the notice of the sale, the tax collector shall commence the sale of tax certificates on those lands on which taxes have not been paid, and he or she shall continue the sale from day to day until each certificate is sold to pay the taxes, interest, costs, and charges on the parcel described in the certificate. In case there are no bidders, the certificate shall be issued to the county. The tax collector shall offer all certificates on the lands as they are assessed.
[3] Section 197.502, Florida Statutes (1999), provides:

(4) The tax collector shall deliver to the clerk of the circuit court a statement that payment has been made for all outstanding certificates or, if the certificate is held by the county, that all appropriate fees have been deposited, and stating that the following persons are to be notified prior to the sale of the property:
(a) Any legal titleholder of record if the address of the owner appears on the record of the conveyance of the lands to the owner. However, if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.
[4] Delta allegedly notified the tax collector's office of its change of address on December 21, 1999.
[5] Although the First District indicated there was no evidence in the record that the 2000 assessment roll had actually been prepared, certified, or otherwise available to the clerk prior to September 7, 2000, the date notice of the tax sale was mailed, its decision rest on its determination that the clerk had no duty to look beyond the tax collector's statement.
[6] Section 197.256, Florida Statutes (1983), provides:

(1)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested ... the following persons that an application for a tax deed has been made:
1. Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner.
....
Such notice shall be mailed at least 20 days prior to the date of sale to each of the persons at the addresses described above. If, upon diligent search of the official public records of the county, no address can be found, then no notice shall be required.
(Emphasis added.)
[7] See ch. 85-342, § 189, at 2120-22, Laws of Fla.
[8] Section 193.023(1), Florida Statutes (1999), provides:

The property appraiser shall complete his or her assessment of the value of all property no later than July 1 of each year, except that the department may for good cause shown extend the time for completion of assessment of all property.
[9] The only exception to this requirement of mailed notice is in situations where no address in listed for the person in the tax collector's statement. See § 197.522(1)(a), Fla. Stat. (1999).