913 So.2d 661 (2005)
PROFILE INVESTMENTS, INC., Appellant,
v.
DELTA PROPERTY MANAGEMENT, INC., and CIT Lending Services Corp., Appellees.
No. 1D05-396.
District Court of Appeal of Florida, First District.
September 8, 2005.
Rehearing Denied October 17, 2005.
William S. Graessle, Jacksonville, Attorney for Appellant.
John R. Beranek of Ausley & McMullen, Tallahassee; and John R. Hargrove of Gordon Hargrove & James, P.A., Fort Lauderdale, Attorneys for Appellee Delta Property Management, Inc.
Robert M. Quinn of Carlton Fields, P.A., Tampa; and Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, Attorneys for Appellee CIT Lending Services Corp.
*662 THOMAS, J.
Appellant, Profile Investments Inc. (Profile), challenges a final summary judgment in favor of Appellees, Delta Property Management, Inc. (Delta) and CIT Lending Services (CIT), which was entered upon remand from the supreme court's decision in Delta Property Mgmt. v. Profile Investments, Inc., 875 So.2d 443 (Fla. 2004), to quiet title to real property purchased in a tax sale. Because summary judgment is not appropriate in this case, we reverse.
This case involves certain real property that was available for purchase in a tax deed sale.[1] Delta was entitled to notice of the tax sale, and the clerk of the circuit court mailed the notice in September 2000 to the address that was listed for Delta in the 1999 tax assessment rolls. However, Delta was no longer located at that address and never received notice of the sale. Profile purchased the property and brought an action to quiet title. Delta filed a counterclaim, arguing that it was not provided proper notice. The trial court granted summary judgment in favor of Profile on the basis that the clerk was not required to look beyond the tax collector's statement to determine whether names and address of the parties were correctly listed. However, the supreme court found that the clerk of the circuit court was required to mail a notice of tax deed sale to the legal titleholder at the address that appeared on the latest tax assessment roll at the time the notice of the tax deed sale was sent. Id. at 447-448. The supreme court remanded the case back to the trial court for further proceedings.
On remand, the trial court did not allow Profile to present any new evidence concerning the availability of the tax assessment roll and entered summary judgment in Delta's favor. We find there is a factual dispute over whether Delta's new address was reasonably ascertainable from the latest tax assessment roll available at the time the clerk mailed the notice of the tax deed sale. Because there are genuine issues of material fact that are in dispute, summary judgment is not appropriate. See Menendez v. The Palms West Condominium Ass'n, 736 So.2d 58, 60-61 (Fla. 1st DCA 1999).
We therefore reverse the summary judgment order and remand the case to the trial court with directions to hold an evidentiary hearing to determine whether Delta's new address was reasonably ascertainable from the latest tax assessment roll, as required by the supreme court's decision.
REVERSED and REMANDED.
KAHN, C.J., and BENTON, J., concur.
NOTES
[1] The facts and the procedural history of this case is discussed in detail in Delta Property Management v. Profile Investments, Inc., 830 So.2d 867 (Fla. 1st DCA 2002), and Delta Property Management v. Profile Investments, Inc., 875 So.2d 443 (Fla.2004).