567 So.2d 3 (1990)
Robert WRIGHT, Appellant,
v.
William SPRIGGS, Dein P. Spriggs, Patricia Spriggs, Sherri Spriggs, and Broward County, a Political Subdivision of the State of Florida, Appellees.
No. 89-0911.
District Court of Appeal of Florida, Fourth District.
June 20, 1990.
As Corrected on Grant of Motion for Clarification August 15, 1990.
As Corrected on Rehearing October 3, 1990.
*4 William Chennault, Pompano Beach, for appellant.
John J. Copelan, Jr., County Atty., James A. Thomas, Asst. County Atty., Fort Lauderdale, and Alan J. Pollock, Deerfield Beach, for appellees.
PER CURIAM.
This is an appeal from a final summary judgment rendered by the Broward County Circuit Court. We reverse and remand with direction to enter final judgment for appellant as to appellee, Broward County, and as to Count I and II of the counterclaim of appellees, Spriggs.
Appellant filed a petition to cancel, vacate and set aside a tax deed sale, alleging that although he was the record owner of the real property sold at the tax deed sale, he was not furnished notice of the sale. He then filed a motion for summary judgment and an affidavit in support thereof. Appellees also filed motions for final summary judgment and the trial court entered final summary judgment in favor of appellees.
On October 12, 1977, the subject real property was conveyed by Mattie Green to appellant, which showed his address as 443 N.W. 6th Avenue, Fort Lauderdale, Florida, and the address of his attorney as 1018 1/2 N.W. 6th Street, Fort Lauderdale, Florida. The warranty deed was duly recorded in Broward County, Florida.
On May 26, 1978, Wright conveyed to Mattie Green a life estate in the same real property by warranty deed. That warranty deed was also duly recorded in Broward County, Florida. On August 16, 1978, Mattie Green died; but no death certificate was recorded.
Taxes on the real property were not paid for several years. As a result, Broward County issued tax certificates for each year of the delinquency. On July 1, 1986, an application for a tax deed was made by one of the holders of the outstanding tax certificates.
On August 12, 1986, Broward County issued a request to Record Data of Florida, Inc., to conduct a search for the purpose of determining the identity of the parties entitled to notice under section 197.502(4)(a), Florida Statutes (1985). The search produced the names of Robert Wright as grantor and Mattie Green as grantee in the last recorded document in the subject property's chain of title.
Broward County sent notice of the pending tax deed sale to Mattie Green at her address of record, the attorney who prepared the warranty deed conveying the life estate to Mattie Green and whose name appeared on the deed, the Broward County Accounting Department, the Engineering Department and the Broward Sheriff's Department. None went to appellant nor to his attorney who prepared the warranty deed by which appellant became the fee simple owner of the property. On February 11, 1987, a tax deed sale was conducted by Broward County. The individual appellees purchased at the sale and were issued a tax deed on the property.
We find persuasive appellant's argument that even though he conveyed a life estate interest to Mattie Green and failed to record a copy of her death certificate upon her demise, he had a vested ownership interest in the subject property at all relevant times and was therefore entitled to notice of the tax deed sale. See section 197.502(4)(a), Florida Statutes, which provides that prior to the sale of property *5 pursuant to that statute, notification of the sale must be made to "[a]ny legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner."
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.