707 So.2d 1135 (1998)
Joseph P. EVANS, Jr., Appellant,
v.
Ronald S. IRELAND, Richard Greenstein, Robert Johnson, and Seymore Epstein, Appellees.
No. 97-01142.
District Court of Appeal of Florida, Second District.
February 11, 1998.
Rehearing Denied March 23, 1998.
*1136 Tulio G. Suarez of the Law Offices of Maria L. Drumm, Fort Myers, for Appellant.
Robert C. Adamski, Cape Coral, for Appellees.
PARKER, Chief Judge.
Joseph P. Evans, Jr., appeals the final judgment which invalidated a tax deed based upon a denial of due process. We reverse.
This tax deed involves land in Lee County, which the parties describe as Parcel D. Since 1988, the legal titleholders of Parcel D have been Richard Greenstein and Ronald S. Ireland. Parcel D adjoins another parcel owned by Seymore Epstein and Robert Johnson.[1]
From 1988 until July 26, 1991, Greenstein and Ireland were listed on the Property Appraiser's tax roll as the titleholders of Parcel D. They received tax bills for Parcel D at Greenstein's business address in Albertson, New York, the same address listed on the record of conveyance of Parcel D to Greenstein and Ireland. In 1991, Greenstein moved from Albertson, New York. Neither Greenstein nor Ireland informed the Property Appraiser of the change of address. However, Ireland continued to receive the tax bills for Parcel D, forwarded from the Albertson, New York, address to his Florida address.
On July 26, 1991, the Property Appraiser made a clerical error, whereby Johnson and Epstein were listed incorrectly on the tax roll for Parcel D. As a result of this error, the Tax Collector began to send the tax bills for Parcel D to Johnson and Epstein in Baldwin, New York, instead of to Greenstein and Ireland. Upon receiving the tax bills for Parcel D, Johnson and Epstein began forwarding the same to Ireland at his Florida address. Greenstein and Ireland took no action to change the mistake in the Property Appraiser's address records. Instead, Ireland relied on Johnson and Epstein to forward the tax bills.
Contemporaneous to the 1991 error in the tax roll by the Property Appraiser, Greenstein and Ireland made the business decision not to pay the property taxes on Parcel D. In doing so, the taxes would not have to be paid until the redemption of a tax certificate and the request for a tax deed on Parcel D, which would occur before a tax sale. The Tax Collector issued separate tax certificates for Parcel D for the 1992 and 1993 tax years. In 1995, Evans, the holder of the tax certificates for the tax years 1992 and 1993, redeemed the 1992 certificate and applied for a tax deed.
Upon receipt of a completed tax deed application, the Tax Collector requested an Ownership and Encumbrance Report (hereinafter "O & E Report") from a title company. Upon receipt and review of the title company's O & E Report, the Tax Collector began to prepare the certificate and statement it is required to deliver to the Clerk of Court. While preparing its file for delivery to the Clerk of Court, the Tax Collector discovered and then notified the Property Appraiser of a discrepancy between the title ownership information that appeared on the O & E Report, showing Greenstein and Ireland as title owners of Parcel D, and the tax roll, which showed Johnson and Epstein as the title owners of Parcel D.
After being notified of the discrepancy by the Tax Collector, the Property Appraiser uncovered the 1991 clerical error whereby Johnson and Epstein had been incorrectly listed on the tax roll for Parcel D. The Property Appraiser proceeded to correct its name, address, and legal history records (NAL)[2] to show Greenstein and Ireland as the correct title owners of Parcel D.
The Property Appraiser then notified the Tax Collector of the correction in the NAL history records, who then proceeded to complete its statement to the Clerk of Court certifying, inter alia, the names and addresses of all persons the Clerk is required by Florida Statute to notify prior to the tax deed sale. In its statement, the Tax Collector listed Greenstein and Ireland at the address in Albertson, New York, as both the: (1) legal titleholders of record and the owner's address as it appears on the record of conveyance; and (2) the persons to whom the *1137 property was last assessed on the tax roll, and their addresses. The Tax Collector omitted Johnson and Epstein from its statement to the Clerk of Court because they did not have a recorded interest in Parcel D.
The Tax Collector delivered the certification and statement to the Clerk of Court on or about August 29, 1995. Based on the information received from the Tax Collector, the Clerk of Court then, as required by section 197.522, Florida Statutes (1995), published the four weekly notices of Application for Tax Deed. On April 18, 1996, the Clerk of Court mailed a copy of the notice to Greenstein and Ireland at the address in Albertson, New York. Notice was not sent to Johnson and Epstein because they were not listed on the Tax Collector's statement. Due to the fact that Greenstein had vacated the Albertson, New York, address in 1991 and had not submitted a change of address to the Property Appraiser, Greenstein and Ireland did not receive the notice of application for tax deed. Thereafter, Evans bought Parcel D at the tax sale and received a tax deed from the Clerk of Court.
Ireland, Greenstein, Johnson, and Epstein filed suit against the Clerk of Court, the Tax Collector, and Evans, alleging that the tax deed issued to Evans on Parcel D should be declared void, because the plaintiffs were denied due process of law by the failure of the Tax Collector and the Clerk of Court to provide proper notification of the application for tax deed as required by section 197.502(4), Florida Statute (1995). The complaint alleged that the Tax Collector's decision to not list Johnson and Epstein in the statement to the Clerk of Court as the last persons to whom the property had been assessed was a violation of their rights of due process of law and, therefore, rendered the tax deed void.
The plaintiffs filed a notice of voluntary dismissal as to the Tax Collector and an agreement to partial dismissal of the Clerk of Court. Thereafter, the trial court entered an amended final judgment in favor of the plaintiffs.
Evans argues that the correction of the tax roll was ministerial and was valid ab initio under Florida law. See § 197.122(1), Fla. Stat. (1995). Epstein and Johnson argue that because they were on the assessment list they should have received notice which they would have forwarded to the real owners. They argue that they were interested parties by virtue of mistakenly being placed on the tax roll. See Wright v. Spriggs, 567 So.2d 3 (Fla. 4th DCA 1990). In Wright, the Fourth District Court held that the plaintiff was entitled to notice because he had a legal interest in the property as a remainderman and there were recorded instruments to support his legal interest. There is nothing in this record to support that Epstein and Johnson had any legal interest in this property. Notice was sent to the legal owners of the property and the fact that they did not receive the notice does not invalidate the tax deed. See § 197.522(1)(d), Fla. Stat. (1995).[3] In Dawson v. Saada, 608 So.2d 806, 808 n. 1 (Fla.1992), the supreme court noted that the issue is not whether the owners received notice, but whether the clerk complied with the notice provisions. The record in this case supports that the clerk complied with the notice provisions.
Reversed and remanded.
CAMPBELL and THREADGILL, JJ., concur.
NOTES
[1] Mr. Johnson and Mr. Epstein purportedly were investors in Parcel D, although no record of conveyance was ever created in their name to establish an ownership interest in Parcel D.
[2] The NAL history records are routine business records maintained by the Property Appraiser in the regular course of business and are used in preparation of the tax roll.
[3] Section 197.522(1)(d), Florida Statutes (1995), provides that "failure to receive notice as provided herein shall not affect the validity of the tax deed issued pursuant to the notice."