968 So.2d 702 (2007)
William SINGLETON and Gwendolyn Singleton, Appellants,
v.
ELI B. INVESTMENT CORP., a Florida corporation, Appellee.
No. 4D06-3582.
District Court of Appeal of Florida, Fourth District.
November 28, 2007.
*703 William Chennault of Chennault Attorneys & Counsellors at Law, Fort Lauderdale, for appellants.
Steven L. Jones of Larson and Jones, Miami Shores, for appellee.

On Motion for Rehearing
TAYLOR, J.
We grant Eli B. Investment Corp.'s motion for rehearing, withdraw our prior opinion, and issue the following opinion in its place.
William Singleton and Gwendolyn Singleton, whose real property was sold because of unpaid ad valorem taxes, appeal a summary final judgment quieting title in favor of the purchaser, Eli B. Investment Corp. The Singletons contend that notice of the impending tax deed sale was inadequate and that it failed to comport with constitutional due process requirements. We agree and reverse the trial court's order of summary final judgment.
On December 30, 2005, Eli B. Investment Corp. filed a complaint to quiet title pursuant to a tax deed issued on September 15, 2004. The Broward County Administrator attached a Certificate of Mailing Notices of the tax deed, certifying that he sent notice to the Singletons at their address in Hallandale, Florida. Eli B. Investment asserted that the delinquent real property taxes were not paid or redeemed prior to the sale, issuance, or recording of the tax deed. The company maintained that because the relevant portions of Chapter 197, Florida Statutes, were complied with, it was entitled to title to the property.
Eli B. Investment moved for default against the Singletons for failure to file or serve any papers; a default was entered. Eli B. Investment then moved for Summary Final Judgment Quieting Title, alleging that the Singletons were personally served and failed to file any answer or pleading and that a default was entered against them. Eli B. Investment asserted that the applicable provisions of Chapter 197, Florida Statutes, had been strictly complied with and that there was no evidence that the delinquent real property taxes were paid prior to the sale, issuance, or recording of the tax deed. It attached an affidavit from its attorney, who stated that he examined title to the real property and determined the proper parties to join. He further swore that he verified the proper determination of the identity and addresses of the parties, ensured that notices in compliance with the statute were mailed, and ensured that notice was properly published.
Thereafter, the Singletons filed a motion to vacate and set aside the default, asserting that the time for filing their answer to Eli B. Investment's amended complaint had not expired when the default was entered. The Singletons further claimed that they received no notice of the motion for, or entry of, the default. The trial court granted the motion.
The Singletons then filed affidavits opposing Eli B. Investment's motion for summary judgment. They acknowledged that their home address was listed correctly, but asserted that they did not receive notice of the tax deed sale on September 15, 2004. In response to Eli B. Investment's complaint to quiet title, the Singletons filed an answer, affirmative defenses, and counterclaims, asserting that they did not receive notice of the tax deed sale and were not provided notice in accordance with Chapter 197, Florida Statutes. Further, *704 they alleged that Broward County had actual knowledge that they did not receive notice. Contending that these circumstances constituted a denial of due process, the Singletons counterclaimed to vacate and set aside the tax deed sale.
Thereafter, the Singletons filed amended affidavits in opposition to summary judgment, specifically asserting that they were not notified by certified mail, return receipt requested, or by regular mail; that the clerk of court had actual knowledge that they were not notified because the notices, sealed and unopened, are still in the tax deed file; and that the sheriff failed to notify them by posting a copy of the notice in a conspicuous place at their home or otherwise failed to notify them of the tax deed sale. They further asserted that section 197.522, Florida Statutes, which governs notice to an owner when application for tax deed is made, is unconstitutional.
The trial court granted Eli B. Investment's motion for summary final judgment quieting title.
Section 197.522, Florida Statutes, prescribes the procedures for notifying a property owner when an application for a tax deed has been made for his property:
(1)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the persons listed in the tax collector's statement pursuant to s. 197.502(4) that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale. If no address is listed in the tax collector's statement, then no notice shall be required.
(b) The clerk shall enclose with every copy mailed a statement as follows:
WARNING: There are unpaid taxes on property which you own or in which you have a legal interest. The property will be sold at public auction on (date) unless the back taxes are paid. To make payment, or to receive further information, contact the clerk of court immediately at (address), (telephone number).
(c) The clerk shall complete and attach to the affidavit of the publisher a certificate containing the names and addresses of those persons notified and the date the notice was mailed. The certificate shall be signed by the clerk and the clerk's official seal affixed. The certificate shall be prima facie evidence of the fact that the notice was mailed. If no address is listed on the tax collector's certification, the clerk shall execute a certificate to that effect.
(d) The failure of anyone to receive notice as provided herein shall not affect the validity of the tax deed issued pursuant to the notice.
(e) A printed copy of the notice as published in the newspaper, accompanied by the warning statement described in paragraph (b), shall be deemed sufficient notice.
(2)(a) In addition to the notice provided in subsection (1), the sheriff of the county in which the legal titleholder resides shall, at least 20 days prior to the date of sale, notify the legal titleholder of record of the property on which the tax certificate is outstanding. The original notice and sufficient copies shall be prepared by the clerk and provided to the sheriff. Such notice shall be served as specified in chapter 48; if the sheriff is unable to make service, he or she shall post a copy of the notice in a conspicuous place at the legal titleholder's last known address. The inability of the sheriff to serve notice on the legal titleholder shall not affect the validity of the tax deed issued pursuant to the notice. A legal titleholder of record who resides *705 outside the state may be notified by the clerk as provided in subsection (1). The notice shall be in substantially the following form:
WARNING
There are unpaid taxes on the property which you own. The property will be sold at public auction on (date) unless the back taxes are paid. To make arrangements for payment, or to receive further information, contact the clerk of court at (address), (telephone number). In addition, if the legal titleholder does not reside in the county in which the property to be sold is located, a copy of such notice shall be posted in a conspicuous place on the property by the sheriff of the county in which the property is located. However, no posting of notice shall be required if the property to be sold is classified for assessment purposes, according to use classifications established by the department, as nonagricultural acreage or vacant land.
. . . .
(3) Nothing in this chapter shall be construed to prevent the tax collector, or any other public official, in his or her discretion from giving additional notice in any form concerning tax certificates and tax sales beyond the minimum requirements of this chapter.
In Vosilla v. Rosado, 944 So.2d 289, 291 (Fla.2006), the Florida Supreme Court recently resolved a certified conflict issue: whether notice to a property owner of a pending tax deed sale that complies with section 197.522(1) can nonetheless violate due process of law if the notice is not reasonably calculated to apprise the owners of the tax deed sale. Vosilla specifically addressed the constitutional adequacy of notice where the taxing authority received actual notice from the titleholder of a change of address, but sent notice of the tax deed sale to the former address. Discussing constitutional due process requirements, the court stated that "`[a] landowner whose property is to be sold for delinquent taxes undoubtedly has a vested ownership interest in the subject property and is therefore entitled to notice of a pending tax deed sale.'" Id. at 294 (quoting Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992)). Notice must be provided that is "`reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The court continued by noting that whether a particular method of notice is reasonably calculated to provide adequate notice depends on "`due regard for the practicalities and peculiarities of the case.'" Id. (quoting Mullane, 339 U.S. at 314-15, 70 S.Ct. 652).
The Vosilla court recognized holdings by Florida appellate courts that tax deeds are not invalid because a property owner did not receive notice of the sale, where the owner failed to ensure that the property appraiser had notice of the proper mailing address. 944 So.2d at 295-96 (citing Evans v. Ireland, 707 So.2d 1135 (Fla. 2d DCA 1998), and Kidder v. Cirelli, 821 So.2d 1106 (Fla. 5th DCA 2002)). The court, however, distinguished Vosilla by noting that the property owners in that case twice advised taxing authorities of their change of address. Id. at 300. In addition, the return receipt indicated that someone other than the property owners signed for the notice, and the sheriff notified the clerk that the property owners no longer lived at the address listed on the notice. Id. Given those circumstances, the court held that the notice was not reasonably *706 calculated to provide the property owners with notice. Id.
The United States Supreme Court recently addressed the issue of adequate notice in Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). There, the plaintiff owned a house, but no longer resided there. Id. at 1712. His property taxes went unpaid and he was certified delinquent. Id. The clerk sent certified letters to his house, but no one was home to sign for them and no one claimed the letters at the post office; they were returned to the clerk stamped "unclaimed." Id. The Supreme Court held that, under those circumstances, the state should have taken additional steps to notify Jones. Id. at 1718. The Court stated that what additional steps "are reasonable in response to new information depends upon what the new information reveals." Id.
The Court reasoned that the return of the certified letters as "unclaimed" meant that Jones either still lived at the house, but was not home when it was delivered and did not retrieve it from the post office, or that he no longer lived there. Id. The Court mentioned several reasonable steps that the state could have taken upon return of the unclaimed notice letter, including resending the letter by regular mail so that a signature was not required. Id. at 1718-19. The Court noted that the use of certified mail might make actual notice more difficult in some cases and that following up with regular mail might improve the chances of actual notice to a homeowner. Id. at 1719. After discussing the efficacy of various other methods for providing adequate notice, the Court concluded that the efforts to provide notice to Jones of the impending tax sale were insufficient to satisfy due process. Id. at 1721.
In light of Jones, we reverse the summary final judgment and remand for further evidentiary proceedings.
Reversed and Remanded.
POLEN and STEVENSON, JJ., concur.