CANADY, C.J.
This case presents the latest round in protracted litigation regarding the validity of a tax deed. Delta Property Management seeks review of Profile Investments, Inc. v. Delta Property Management, Inc. (Delta V), 19 So.3d 1013 (Fla. 1st DCA 2009), in which the First District Court of Appeal reversed a summary judgment voiding a tax deed and quieting title to certain real property in Delta. In its decision, the First District concluded that because Delta had not previously argued — in an earlier round of litigation which resulted in an appeal — that once notice sent by certified mail was returned undeliverable the Clerk of the Circuit and County Courts for Duval County was required to take additional steps to provide notice to the property owner of the tax sale, the trial court was bound by the law of the case and therefore erred in applying Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), and Vosilla v. Rosado, 944 So.2d 289 (Fla.2006), cases which recognized the due process requirements for adequate notice of an impending tax sale. The First District’s conclusion that a question of law not litigated on appeal may constitute the law of the case expressly and directly conflicts with Florida Department of Transportation v. Juliano, 801 So.2d 101, 107 (Fla.2001), which held that the law-of-the-case doctrine “bars consideration only of those legal issues that were actually considered and decided in a former appeal.” We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We conclude that the First District improperly applied the law-of-the-case doctrine and that the validity of the tax deed in this case should be determined by applying Jones and Vosilla. We further conclude that because the Clerk failed to take reasonable, additional steps to provide notice to Delta upon learning that the notice sent by certified mail was not successfully delivered, the tax deed is invalid. We, therefore, quash the First District’s decision and remand with instructions that the trial court’s grant of summary judgment in favor of Delta be affirmed.
I. BACKGROUND
In 1997, Delta owned a commercial property located in Jacksonville, Florida. Delta failed to pay the 1997 ad valorem taxes on that property, and as a result, the Duval County Tax Collector issued a tax certificate. In 1998, Profile purchased the tax certificate, and two years later after Delta failed to redeem the tax certificate, Profile applied for a tax deed on the property pursuant to section 197.502(1), Florida Statutes (1999). Thereafter, the Tax Collector, pursuant to section 197.502(4), Florida Statutes (1999), prepared a statement, specifying Delta as a party entitled to notice of the sale of the property and listing Delta’s address as it appeared on the 1999 tax assessment roll — 8701 Phillips Highway, # 104, Jacksonville, Florida 32256.
On May 30, 2000, the Tax Collector forwarded the statement to the Clerk. The Clerk prepared a notice of tax sale, which on September 1, 2000, was mailed by certified mail to Delta at the address indicated *768 in the Tax Collector’s statement. Because Delta was no longer located at the address specified in the statement, the notice was returned to the Clerk as undeliverable. Subsequently, on September 27, 2000, Profile placed the winning bid at the tax sale.
Following issuance of the tax deed, Profile brought an action to quiet title to the property. Delta counterclaimed, asserting that the Clerk was required to check the 2000 tax assessment roll, which contained its new address — 410 East Hallandale Beach Boulevard, # 201, Hallandale, Florida 33009 — before issuing the tax sale notice.
Profile and Delta both moved for summary judgment. Profile asserted that the tax deed was valid because it was undisputed that notice was sent to Delta in accordance with section 197.522(l)(a), Florida Statutes (1999). In contrast, Delta asserted that the tax deed was invalid because the Clerk failed to comply with the notice requirements of sections 197.502 and 197.522, Florida Statutes (1999). The trial court granted final summary judgment in favor of Profile, concluding that the Clerk was not required to look beyond the Tax Collector’s statement to determine whether the names and addresses of the parties were correctly listed.
On appeal, the First District Court of Appeal agreed with the trial court’s analysis and affirmed the final summary judgment. Delta Prop. Mgmt. v. Profile Invs., Inc. (Delta I), 830 So.2d 867, 870 (Fla. 1st DCA 2002). Judge Ervin dissented, reasoning that the Florida Statutes required the Clerk to mail the notice of the tax sale to the address of the legal titleholder as listed in the latest tax assessment roll, which on September 1, 2001, was presumptively the 2000 tax assessment roll. Id. at 872 (Ervin, J., dissenting).
This Court granted review of Delta I on the basis that the decision affected a class of constitutional officers — circuit court clerks. Delta asserted that the First District erred by “ignor[ing] due process” and “fail[ing] to give meaning to the controlling statutes.” We found Judge Ervin’s dissent persuasive and determined that
the clerk of the circuit court, when mailing the notice of a tax deed sale to the titleholder of the affected property, must mail the notice to the address of the titleholder as listed in the latest tax assessment roll. If the tax assessment roll is updated after the clerk receives a statement from the tax collector but pri- or to mailing the notice to the titleholder, the clerk must look at the new assessment roll to see if the titleholder’s address has changed and, if the clerk finds that the address has changed, the clerk must mail the notice to the new address listed in the latest assessment roll.
Delta Prop. Mgmt., Inc. v. Profile Invs., Inc. (Delta II), 875 So.2d 443, 443-44 (Fla.2004). After noting that the Clerk waited more than three months before setting the tax sale and sending notice, we determined that the Clerk should have mailed the notice to Delta’s new address if that address was “reasonably ascertainable” from the latest tax assessment roll. Id. at 448 (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)). Accordingly, we quashed the First District’s decision and remanded for further proceedings. Id.
On remand, Delta filed a motion to implement this Court’s mandate, and Profile again moved for summary judgment. Profile contended that because the 2000 assessment roll had not been certified prior to the Clerk’s mailing notice to Delta, the 2000 assessment role was unavailable to the Clerk when notice was sent to Delta. The trial court denied Profile’s motion for summary judgment and granted Delta’s *769 motion to implement the mandate. The trial court reasoned that because in the earlier proceedings Profile asserted that there were no disputed factual issues and the Clerk’s rebanee on the tax collector’s statement had been legally sufficient, Profile should not be permitted to present new evidence and raise a new defense on remand. The trial court then issued an order granting summary judgment in Delta’s favor.
On appeal, the First District reversed the trial court’s order, holding that summary judgment was not appropriate because there was a material factual dispute about whether Delta’s new address was reasonably ascertainable from the latest tax assessment roll available at the time the Clerk mailed notice. The First District remanded the case, directing the trial court to hold an evidentiary hearing. Profile Invs., Inc. v. Delta Prop. Mgmt., Inc. (Delta III), 913 So.2d 661, 662 (Fla. 1st DCA 2005), revieiv denied, 929 So.2d 1052 (Fla.2006).
Back at the trial court, Profile and Delta again filed dueling motions for summary judgment. The trial court found that the preliminary 2000 tax assessment roll was available to the Clerk in September 2000 and that had the Clerk requested the preliminary roll, it “could have been used to verify and update the addresses and names of addressees for its notices.” The trial court declined, however, to make a finding regarding whether Delta’s updated address was reasonably ascertainable from the latest assessment roll. The trial court concluded that the question was rendered moot by two intervening decisions: Jones and Vosilla.
Specifically, the trial court accepted Delta’s argument that Jones and Vosilla require a clerk to take additional steps— beyond those mandated by statute — to provide notice to a titleholder if the clerk has reason to believe that the address to which notice was sent by certified mail is no longer the titleholder’s correct address. The trial court reasoned that once the mailed notice was returned as undeliverable, the Clerk had reason to believe that the Tax Collector’s statement no longer reflected the titleholder’s correct address and should have taken additional reasonable measures to notify Delta. Accordingly, the trial court granted Delta’s motion for summary judgment and adjudged Profile’s tax deed to be void.
The First District dismissed the resulting appeal, determining that the trial court’s order was not an appealable order because it did not directly determine the immediate right to possession of the property. Profile Invs., Inc. v. Delta Prop. Mgmt., Inc. (Delta IV), 957 So.2d 70, 70 (Fla. 1st DCA 2007). In response, the trial court issued an amended order granting summary judgment to Delta and a final judgment declaring Profile’s tax deed to be void, quieting title in Delta, and awarding Delta an immediate writ of possession for the property.
On the third appeal to the district court, the First District-in the decision now on review — concluded that the trial court failed to rule within the scope of Delta II. The First District further concluded that based on the record before the trial court, the 2000 assessment roll was not available to the Clerk when the notice was mailed. Citing the doctrine of the law of the case, the First District declined to apply Jones and Vosilla, reversed the summary judgment in favor of Delta, and remanded the case with instructions to enter final summary judgment in favor of Profile on the validity of the tax deed. Delta V, 19 So.3d at 1017-19.
Delta petitioned this Court to review Delta V, asserting that the decision affected a class of constitutional officers and *770 expressly and directly conflicted with decisions of this Court and other district courts of appeal. As stated above, we granted review based on express and direct conflict with Juliano, which held that the law-of-the-case doctrine “bars consideration only of those legal issues that were actually considered and decided in a former appeal.” 801 So.2d at 107.
II. ANALYSIS
In the analysis that follows, we first resolve the conflict between the First District’s decision and our decision in Juliano. We then address Delta’s contention that because it was not given constitutionally adequate notice of the tax sale, Profile’s tax deed is invalid.
The law-of-the-case doctrine is the long-established “principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.” McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323, 327 (1935). The purpose of the doctrine is “to lend stability to judicial decisions and the jurisprudence of the state, as well as to avoid ‘piecemeal’ appeals and to bring litigation to an end as expeditiously as possible.” Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965).
In Juliano, this Court distinguished the doctrine of res judicata, which applies to subsequent actions between the same parties on the same cause of action, from the law-of-the-case doctrine, which is triggered where successive appeals are taken in the same case. We again explained that “the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings” and that “a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case.” Juliano, 801 So.2d at 105-06.
In addition, this Court expressly addressed the misconception that the law-of-the-case doctrine could bar consideration of a legal question that was not previously raised and decided on appeal but, given the facts of the case, could have been raised in a prior appeal. We followed our decision in U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1063 (Fla.1983), which determined that the doctrine of the law of the case is limited to rulings on questions of law actually presented and considered on a former appeal, and emphasized that “[a] corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that ‘have not necessarily been determined and become law of the case.’ ” Juliano, 801 So.2d at 106 (quoting Greene v. Massey, 384 So.2d 24, 27 (Fla.1980)). We also expressly receded from Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla.1976), to the extent that decision implied that the law-of-the-case doctrine could be applied to an issue not previously decided on appeal. See Juliano, 801 So.2d at 107.
We adhere to our decisions in Juli-ano on this point. We again conclude that the law-of-the-case doctrine is not applicable to a legal question that has not yet been decided on appeal. Accordingly, the First District erred in concluding that because Delta did not previously raise the issue of whether once the certified mail was returned undeliverable the Clerk was required to take additional steps to provide notice, the issue was barred by the doctrine of the law of the case.
Because we conclude that the trial court was not barred from considering Delta’s argument based on Jones and Vo- *771 silla, we must consider whether the trial court correctly concluded on that basis that Delta was entitled to relief from the tax sale.
At the time of the tax sale in this case, section 197.332(1), Florida Statutes (1999), authorized county tax collectors to sell tax certificates on real property to collect delinquent taxes. If a holder of a tax certificate applied for a tax deed, the tax collector was to deliver to the clerk of the circuit court a statement listing the persons who were to be notified prior to the sale of the property, including “[a]ny legal titleholder of record” and “[a]ny person to whom the property was assessed on the tax roll for the year in which the property was last assessed.” § 197.502(4)(a), (f), Fla. Stat. (1999). The statute further provided that for purposes of the tax collector’s statement, “if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.” § 197.502(4)(a), Fla. Stat. (1999). Additional statutes set out the clerk’s responsibilities in regard to a tax sale. One of the clerk’s statutory obligations was to “notify, by certified mail with return receipt requested ... the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made.” § 197.522(l)(a), Fla. Stat. (1999).
The United States Supreme Court has explained that to satisfy due process, notice must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Supreme Court has further explained that whether a particular method of notice is “reasonably calculated” to provide adequate notice requires “due regard for the practicalities and peculiarities of the case.” Id. at 314, 70 S.Ct. 652. In Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992), we concluded that section 197.522(1) mandates “notice reasonably calculated to apprise landowners of the pending deprivation of their property” and thus is facially constitutional.
In the instant case, however, Delta raises an as-applied challenge to the notice requirements of section 197.522. Delta asserts that because the Clerk knew the notice mailed pursuant to section 197.522 was ineffective, due process required the Clerk to take additional reasonable steps to notify Delta of the tax sale. We agree. Jones establishes- — -and Vosilla acknowledges — that where a notice sent by certified mail is returned undeliverable, the clerk of court must take additional reasonable steps to notify a titleholder of the upcoming tax sale.
In Jones, the Arkansas Commissioner of State Lands attempted to notify property owner Jones of his tax delinquency and his right to redeem the property. The Commissioner sent notice by certified mail to the property’s address, but the certified letter, marked unclaimed, was returned to the Commissioner. After an offer to purchase the property was received, the Commissioner mailed another certified letter to the same address. This letter also was returned unclaimed, and the property was sold. Upon learning of the sale, Jones filed suit, alleging that the Commissioner’s failure to provide notice of the sale resulted in the taking of his property without due process. The trial court granted summary judgment in favor of the defendants, and the Arkansas Supreme Court affirmed. 547 U.S. at 224-25, 126 S.Ct. *772 1708. The United States Supreme Court overturned the decision, concluding that “when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so.” Id. at 225, 126 S.Ct. 1708. The Supreme Court reasoned that, while due process does not require that a property owner receive actual notice of a tax sale, the “government’s knowledge that notice pursuant to the normal procedure was ineffective triggered an obligation on the government’s part to take additional steps to effect notice.” Id. at 230, 126 S.Ct. 1708.
The Supreme Court suggested reasonable steps that the Arkansas taxing authorities could have taken to attempt to notify Jones, such as resending notice to Jones by regular mail, posting notice on the front door of the property, or sending a notice addressed to “occupant” by regular mail. Id. at 235, 126 S.Ct. 1708. The Supreme Court did not, however, hold that the taxing authorities must adopt any specific notice procedures. Instead, the Supreme Court recognized that the states have “taken a variety of approaches” to provide notice of tax sales and expressly left to the individual states the question of “how to proceed in response to [its] conclusion that notice was inadequate” in Jones’s case. Id,, at 238,126 S.Ct. 1708.
A few months later in Vosilla, this Court also addressed the issue of whether Florida clerks must make an additional effort to notify titleholders of tax sales where— prior to the tax sale — the clerk learns that the attempt at providing notice by certified mail was ineffective. Vosilla arose from an action to quiet title to a property in Altamonte Springs. After Julio and Nan-nette Rosado failed to pay their 1997 ad valorem taxes, the county tax collector issued a tax certificate for the property. In September 1998, the Rosados notified the tax collector of a new mailing address for any correspondence regarding the Alta-monte Springs property, and in February 2000, the Rosados notified the clerk of court via certified mail that their mailing address had again changed. The clerk acknowledged receipt of the certified letter.
In April 2000, the holder of the tax certificate applied for a tax deed. Although the Rosados had notified both the tax collector and the clerk of their change of address, the Rosados’ address was not updated in the tax assessment roll, and the clerk mailed notice of the tax sale to the Altamonte Springs address. The return receipt for the certified mail indicated that someone other than the Rosados signed for the notice. In December 2000, the Altamonte Springs residence was sold to an individual purchaser, who later conveyed the property to a group of individuals collectively referred to as Vosilla.
Vosilla filed a complaint in the trial court to quiet title to the property. The Rosados answered that because they had notified the tax collector and the clerk of their change of address, the clerk’s notice was not reasonably calculated to apprise them of the tax deed sale and therefore was constitutionally inadequate. At trial, the Rosados also presented evidence that prior to the tax deed sale, the sheriffs office had informed the clerk that the Ro-sados no longer resided at the Altamonte Springs property.
The trial court found that the failure of the Rosados to receive notice was “completely the fault of the taxing agencies” but concluded that the unsuccessful notice did not violate the Rosados’ right to due process of law because the notice was sent in compliance with section 197.522(1), Florida Statutes (2000). Vosilla, 944 So.2d at *773 292. On appeal, the Fifth District Court of Appeal reversed and certified conflict. The Fifth District determined that the notice did not satisfy due process because it “was not reasonably calculated to apprise the Rosados of the impending tax deed sale where the tax collector knew or should have known that the address listed on the tax [assessment] roll was incorrect.” Id. at 292-93 (alteration in original) (quoting Rosado v. Vosilla, 909 So.2d 505, 511 (Fla. 5th DCA 2005)).
This Court approved the Fifth District’s decision. We concluded that because the Rosados had informed the tax authorities of their new mailing address, the return receipt was not signed by either of the Rosados, and the sheriff informed the clerk that the Rosados no longer resided at the Altamonte Springs property, “the clerk of court knew or reasonably should have known that the notice was sent to the Rosados at an incorrect address” and therefore the notice sent “was not reasonably calculated” to apprise the Rosados of the tax deed sale. Id. at 300. We further explained that given the “practicalities and peculiarities” of the Rosado’s ease, “due process required that the clerk of court take additional reasonable steps to notify the Rosados of the tax deed sale prior to selling their property.” Id. at 301 (quoting Mullane, 339 U.S. at 314, 70 S.Ct. 652). In the Rosados’ case, the clerk of court likely would have discovered an updated address for the Rosados had it checked its own records for a change of address submission.
In the instant case, the Clerk had reason to know that the notice of the tax sale intended for Delta had been sent to an incorrect address. On September 1, 2000, the Clerk mailed notice to Delta by certified mail, and before the tax sale on September 27, 2000, the notice was returned to the Clerk as undeliverable. Upon learning that delivery of the notice to Delta was unsuccessful, the Clerk was not entitled to “simply ignore that information ... and sell the owner’s property.” Jones, 547 U.S. at 237, 126 S.Ct. 1708. Pursuant to Jones and Vosilla, the Clerk had a duty to take additional, reasonable steps to attempt to provide notice to the legal titleholder before selling the property. As identified by those decisions, those reasonable steps depend on the particular circumstances of the case and may include: checking the records of the taxing authorities for a change of address submitted by the legal titleholder; resending notice by regular mail so that no signature is required; posting notice on the property to be sold, not merely at the last known address of the titleholder;[1] or sending a notice addressed to “occupant” by regular mail. See Jones, 547 U.S. at 235, 126 S.Ct. 1708; Vosilla, 944 So.2d at 301.
Profile concedes that in this case the Clerk did not make any additional effort to locate Delta after the certified mail was returned undelivered. Furthermore, in her deposition, Mildred Wootson, who worked as the Court Operations Supervi *774 sor for the Duval County Tax Deed Department beginning in March of 1999, testified that when the Clerk’s office received the certified mail receipt indicating that the notice sent to Delta was not successfully delivered, the Clerk “did nothing else” to effect notice. In light of this admitted inaction, Delta was “no better off than if the notice had never been sent.” Jones, 547 U.S. at 230, 126 S.Ct. 1708 (quoting Malone v. Robinson, 614 A.2d 38, 37 (D.C. 1992) (per curiam)). Because the Clerk’s office did not take any additional reasonable steps to notify the property owner after it learned that the attempt to provide notice by certified mail was unsuccessful, Delta is entitled under Jones and Vosilla to prevail on its claim that the tax deed is invalid.
III. CONCLUSION
Based on the foregoing, we quash the First District’s decision and remand with instructions that the trial court’s grant of summary judgment in favor of Delta be affirmed.
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ„ concur.

. If the titleholder's last known address is in the State of Florida, section 197.522(2), Florida Statutes (1999), requires the sheriff of the county in which the legal titleholder resides to attempt to serve notice of the tax sale pursuant to chapter 48, Florida Statutes, and if unable to complete service, the sheriff is to post a copy of the notice in a conspicuous place at the legal titleholder's last known address. If the last known address for the legal titleholder is not in the county in which the property is located, the sheriff is to additionally post notice in a conspicuous place at the property to be sold. In this case, a notice of the tax sale was posted in August 2000 at Delta's Phillips Highway address, the same incorrect address to which the certified mail was sent in September 2000. The sheriff did not post notice at the property to be sold.