SWANSON, J.
Appellant seeks review of a summary final judgment entered in favor of appel-lees in their action to quiet title to real property based on a tax deed; Because genuine issues of material fact exist as to whether notice of the tax deed sale satisfied due process under the circumstances, we reverse and remand for further proceedings.
Appellant acquired title to real property in Columbia County, Florida, which be *1290 came the subject of a tax deed application after appellant failed to pay taxes on the property. On July 12, 2013, a certified letter containing a notice of tax deed application was mailed to appellant’s home address in Ocala, Florida. The notice of tax deed application also was published in the Lake City Reporter on July 10, 17, 24, and 81, 2013. In addition, on July 16, 2013, a deputy with the Columbia County Sheriffs Office was dispatched to the property to attempt personal service on appellant. After being unable to find appellant, the deputy attached a copy of the notice of tax deed application to a conspicuous place on the property. On July 29, 2013, the certified letter containing the notice of tax deed application was returned to the Columbia County Clerk of Court unopened and markéd as “unclaimed.” A Columbia County deputy clerk attempted to locate an alternative mailing address for appellant via www.whitepages.com so that the notice of tax deed application could be resent. After finding no alternative mailing address, the deputy clerk did not attempt to resend the notice, concluding the effort would be futile.
After the property was sold at public auction on August 12, 2013, and a tax deed was issued to the successful bidder, the property was purchased by appellees, who filed a complaint to quiet title to the property. Appellant filed an answer, affirmative defenses, and counterclaim to vacate the tax deed sale. Appellant claimed the tax deed was invalid because she never received proper notice of the tax deed application in violation of section 197.522, Florida Statutes, and the due process clause of the United States Constitution.
Appellees then filed a motion for summary judgment on the ground that they were entitled to judgment as a matter of law because the Columbia County Clerk of Court provided proper notice under chapter 197, Florida Statutes, and the due process clause of the United States Constitution. Appellees also noted unsuccessful attempts to serve appellant at her home address in this case and in another case. Appellant responded by filing a cross-motion for summary judgment and an affidavit in opposition to appellees’ motion for summary judgment. In her affidavit, appellant stated: (1) she legally resided in Marion County at her home address in Ocala, Florida for fifteen years; (2) she was an ambulatory equine veterinarian for approximately twenty years and traveled extensively for business; (3) the property sold at the tax deed sale was in a different county than her legal residence; (4) the real property subject to the tax deed sale was obviously unoccupied (boarded up) and clearly posted (No Trespassing) and had been so for ten years; (5) the Columbia County Clerk of Court failed to notify her by certified mail with return receipt requested or by regular mail of the tax deed application; (6) the clerk had actual knowledge that she had not been notified because the sealed and unopened notices were still in the tax deed file; (7) the Sheriff of Columbia County failed to notify her of the tax deed sale by posting a copy of the notice in a conspicuous place at her legal residence; (8) advertising the tax deed sale in a newspaper in a county where appellant did not reside was not reasonable notice; and (9) posting on an obviously unoccupied, boarded-up property with no trespass signs in a county where appellant did not reside was not reasonable notice.
After holding a hearing, the trial court entered summary final judgment for appel-lees. In doing so, the court found the Columbia County Clerk of Court complied fully with the requirements of section 197.522, Florida Statutes, and the due process clause of the state and federal constitutions in attempting to provide notice to *1291 appellant of the pending tax deed sale. Particularly, the court found that “the actions of the Columbia County Clerk- of Court including, but not limited to, searching for alternative addresses for [appellant] upon receipt of the Unclaimed Notice to [appellant] were reasonably calculated, under all the circumstances, to apprise [appellant] of the pending tax deed sale.” Finally, the court found that appellees had established the validity of the tax deed, the transfer from the tax deed holder to themselves, and their possession of the property. Accordingly, the court concluded there was no issue of material fact in dispute and appellees were entitled to quiet title to the property. This appeal followed.
Appellant claims the trial court erred in entering summary final judgment in favor of appellees after rejecting appellant’s claim that she did not receive proper notice of the application for tax deed. It is undisputed that the Columbia County Clerk of Court complied with section 197.522(1), Florida Statutes (2013), by mailing a certified letter containing the notice of tax deed application to appellant’s residence in Marion County. However, when the certified letter was returned unopened and unclaimed, due process required the clerk to take additional reasonable steps to notify appellant, if practicable to do so. Jones v. Flowers, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006); Delta Prop. Mgmt. v. Profile Invs., Inc., 87 So.3d 765, 771 (Fla.2012); Vosilla v. Rosado, 944 So.2d 289, 299 (Fla.2006). “[T]hose reasonable steps depend on the particular circumstances of the case and may include: checking the records of the taxing authorities for a change of address submitted by the legal titleholder; resending notice by regular mail so that no signature is required; posting notice on the property to be sold, not merely at the last known address of the titleholder; or sending a notice addressed to ‘occupant’ by regular mail.” Delta Prop. Mgmt., 87 So.3d at 773 (citing Jones, 547 U.S. at 235, 126 S.Ct. 1708). Because genuine issues of material fact exist as to whether these additional reasonable steps were taken in this instance, we reverse the summary final judgment and remand for further proceedings. See Singleton v. Eli B. Inv. Corp., 968 So.2d 702 (Fla. 4th DCA 2007).
REVERSED and REMANDED.
WOLF and ROWE, JJ., concur.