# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1895
_____

EDWARD A. CRAPO, in his
capacity as Alachua County
Property Appraiser,

    Appellant/Cross-Appellee,

    v.

ACADEMY FOR FIVE ELEMENT
ACUPUNCTURE, INC., a Florida
Non-Profit Corporation,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Alachua County.
Toby S. Monaco, Judge.

September 3, 2019

EN BANC

ON MOTION FOR CERTIFICATION

Appellee's motion for certification is denied.

WOLF, LEWIS, ROBERTS, BILBREY, KELSEY, WINOKUR, and M.K. THOMAS, JJ., concur.

RAY, C.J., and B.L. THOMAS, ROWE, MAKAR, OSTERHAUS, and JAY, JJ., concur in part and dissent in part.

MAKAR, J., dissents in an opinion which B.L. THOMAS and JAY, JJ., join.

—————————————————

MAKAR, J., dissenting from denial of certification.

Discretionary jurisdiction exists for our supreme court to review this case because it expressly affects a class of constitutional officers, i.e., property appraisers. Art. V, § 3(b)(3), Fla. Const.; *Bystrom v. Whitman*, 488 So. 2d 520, 521 (Fla. 1986); *see also Delta Prop. Mgmt. v. Profile Invs., Inc.*, 87 So. 3d 765, 767 (Fla. 2012). Certifying the following questions,[*] however, would provide greater clarity and assist in assessing review:

> 1) Is a post-secondary school or educational institution such as the Academy certified and regulated by the Florida Department of Education Commission for Independent Education and thereby an educational institution within the meaning of § 196.012(5), Florida Statutes?
>
> 2) Do the doctrines of administrative finality or res judicata apply to decisions of value adjustment boards?

By divided vote, this Court has declined certification of both questions. Each question, however, is of exceptional statewide importance, as evidenced by their en banc disposition and direct effect on sixty-seven property appraisers (and value adjustment boards) and the many educational institutions, like the Academy, who have relied on the legality of their tax-exempt status, sometimes for decades. Because these two questions of great public importance are key in assessing whether to accept "class of constitutional officer" jurisdiction, we ought to have certified them.

—————————————————

[*] The first is a question the Academy proposed and the second is a revised version of its proposed question on the value adjustment board matter.

2

John C. Dent, Jr., and Jennifer A. McClain of Dent & McClain, Chartered, Sarasota, for Appellant/Cross-Appellee.

Paul A. Donnelly and Jung Yoon of Donnelly + Gross, Gainesville, for Appellee/Cross-Appellant.

Matthew H. Mears, General Counsel, and James L. Richmond, Assistant General Counsel, Tallahassee, for Amicus Curiae The Department of Education, Commission for Independent Education.

Ashley Moody, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General, Tallahassee, for Amicus Curiae State of Florida, Department of Revenue.

Benjamin K. Phipps of Phipps & Howell, Tallahassee; Michael D. Minton of Dean Mead Minton & Zwemer, Fort Pierce; Gerald J. Donnini of Moffa, Sutton & Donnini, P.A., Fort Lauderdale; and Mitchell I. Horowitz of Buchanan Ingersoll & Rooney PC, Tampa, for Amicus Curiae The Tax Section of the Florida Bar.

Loren E. Levy and Stuart W. Smith of The Levy Law Firm, Tallahassee, for Amicus Curiae The Property Appraisers' Association of Florida, Inc.